**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **Criminal Action No. 07-00194-KD** |
| | ) | |
| **CHARLES REED ADAMS,** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This action is before the Court on Defendant Charles Reed Adams' "Motion to Run Federal Sentence of 24 Months Concurrent with State of Alabama Sentence with Exception to this Court's Addition of First Three Months of 12 Months of Re-Supervised Release to be Served in Substance Abuse Treatment Program in the Mission of Hope" (doc. 63). Upon consideration and for the reasons set forth herein, the motion is **denied**.

In February 2008, Adams was sentenced to 82 months imprisonment for the offense of possession of a firearm by a prohibited person. He was also sentenced to 36 months of supervised release with certain special conditions regarding substance abuse treatment.

Adams' supervised release was revoked and in January 2016 he was sentenced to a term of 24 months. The Court did not order his sentence to be served concurrent with any state court sentence. The Court also ordered that Adams serve 12 months of supervised release, re-imposed his original and special conditions of release, and added a new condition; specifically, that the first 3 months be served at an inpatient substance abuse treatment program.

Adams now moves the Court to amend the judgment so that he may serve his federal sentence concurrent with his State of Alabama sentence for robbery. He also moves the Court to retain jurisdiction after his release from state custody in order to re-impose his term of re-

supervised release as imposed in his federal judgment.  According to Adams, he is due to be released from state custody on or about November 17, 2018.

The Court may amend a judgment in a criminal action in certain limited circumstances. Specifically:

> [t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute…. § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id*. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the [Sentencing] Commission and certain other requirements are met, *see id*. § 3582(c)(2).

*United States v. Phillips*, 597 F.3d 1190, 1194-1195 (11th Cir. 2010).  However, none of these circumstances exist in this action.

Also, the Court may modify a sentence pursuant to Rule 36 of the Federal Rules of Criminal Procedure, which allows modification for clerical error, omission or oversight. However, "Rule 36 may not be used to make a substantive alteration to a criminal sentence." *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). Amending the judgment to impose a concurrent sentence, would be a substantive alteration to Adams' sentence.

Accordingly, Adams' motion is due to be denied.  The Clerk of the Court is directed to mail a copy of this order to Adams.

**DONE** and **ORDERED** this the 14th day of October 2016.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**